# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANDREW GILLINS,

    Plaintiff,

v.                                              Case No. 8:09-CV-779-T-30TGW

STEPHEN WATSON, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a state prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1), and an Affidavit of Indigency seeking to proceed *in forma pauperis* (Dkt. 3). Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. 7).

## Analysis

Because Plaintiff seeks to proceed *in forma pauperis*, this Court is required to review Plaintiff's case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Furthermore, under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because

2

defendants are governmental employees, Plaintiff's complaint is subject to review pursuant §1915A.

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

**Plaintiff's allegations**

Plaintiff's complaint essentially alleges that he is being illegally detained as a result of defendants' conspiracy to deprive Plaintiff of his constitutional rights, convict him, and keep him confined. Plaintiff seeks damages and an order rendering his criminal judgment "void." (Dkt. 1 at 45).

**Discussion**

In light of his claims, Plaintiff's exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 2009 WL *1 (11th Cir. June 24, 2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Prieser v. Rodriguez*, 411 U.S. 475, 500). As the United States Supreme Court also reaffirmed based on its prior precedent in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), "a state prisoner's § 1983

action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (Emphasis in original); *accord Robinson v. McDonough*, 259 Fed. Appx. 238 (11th Cir. 2007) (unpublished) (citing and quoting *Preiser* and *Wilkinson*).

To the extent that Plaintiff seeks damages, all of his claims fall within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87.

Therefore, a prisoner cannot bring a § 1983 action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must be dismissed as premature. *Heck*, 512 U.S. at 486-88.

Plaintiff's allegations that defendants conspired together and concealed evidence to convict him, and that his attorneys rendered ineffective assistance of counsel and committed perjury, would, if proven, invalidate his conviction. Because Plaintiff has not demonstrated

4

that his conviction or sentence has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, *Heck* bars these claims. Only if and when his conviction or sentence is invalidated, may he then institute an action for damages or declaratory relief on these claims under § 1983.

Furthermore, Plaintiff's complaint fails to state a claim against Watson and Miller because it is well settled that allegations against criminal defense counsel, court appointed or privately retained, do not state a claim under § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Services performed by an attorney in connection with a criminal action do not constitute action under "color of state law." *Id.*; *See also O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972)(holding that 42 U.S.C. § 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys").

Likewise, to the extent Plaintiff's complaint alleges Watson testified falsely, it is well-settled that witnesses, whether private citizens or law enforcement officers, are absolutely immune from civil damages based on their testimony in a judicial proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

Plaintiff does allege a conspiracy between defendants to convict him and keep him incarcerated. However, the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to

5

put the agreement into effect, is insufficient to implicate § 1983 liability. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). Plaintiff has failed to plead sufficient facts supporting his vague claim that a conspiracy exists between defendants. *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir. 1976).

Finally, Assistant State Attorneys Fraivillig and Werdell, and Judge Roberts are immune from liability. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)(a prosecutor is absolutely immune from liability under § 1983 when engaged in initiating a prosecution or presenting the state's case); *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)(judges are entitled to absolute immunity from damages when acting in their judicial capacity). Moreover, "the allegation that a challenged official act is part of a conspiracy does not in any manner dilute immunity." *Elder v. Athens-Clarke County*, 54 F.3d 694, 695 (11th Cir. 1995).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** as frivolous.

2. The Clerk is directed to enter judgment against Plaintiff, terminate any pending motions, and close the case.

**DONE** and **ORDERED** in Tampa, Florida on August 31, 2009.

SA:sfc
Copy to: Plaintiff *pro se*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE