## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANDREW GILLINS,

    Plaintiff,

v.                                                                                                   Case No. 8:09-CV-779-T-30TGW

STEPHEN WATSON, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's "Petition for Relief from Judgment of Order; or Petition for Judgment on the Pleadings; or Petition for Rehearing or Reconsideration" (hereinafter "motion") (Dkt. 14). Plaintiff argues in his motion that the Court should vacate its August 31, 2009 Order dismissing this action as frivolous (See Dkt. 12) because prior to entry of the Order, he filed his "Motion for Leave to Adopt the Initial 1983 and Court of Claims Civil Rights Complaint" which, he argues, should have been construed as both a motion for leave to file an amended complaint, and an amended complaint (See Dkt. 11). Plaintiff further argues that his construed amended complaint states a claim upon which relief may be granted.

Petitioner fails to cite any legal authority for his motion. The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). In addressing the classification of

postjudgment motions, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted). Plaintiff raises a matter collateral to the merits. Therefore, the Court construes Plaintiff's motion as filed pursuant to Rule 60(b).

Pursuant to Rule 60(b), a court, on motion and upon such terms as are just, may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Plaintiff has not demonstrated that the judgment was entered as a result of a mistake, inadvertence, or surprise. Nor does he present a claim of fraud, newly discovered evidence, or that the judgment is void or has been satisfied. Therefore, Plaintiff appears to seek relief pursuant to Rule 60(b)(6).

While Rule 60(b)(6) affords the district courts discretion to grant relief in order to do justice, the Court is guided in the exercise of its discretion by settled circuit precedent. The Eleventh Circuit has held that "[R]ule 60(b)(6) should be construed in order to do substantial

justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

Due process does not require that a plaintiff always be afforded a chance to amend his complaint. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001). Plaintiff's "Motion for Leave to Adopt the Initial 1983 and Court of Claims Civil Rights Complaint" (Dkt. 11) was not a motion for leave to file an amended complaint, but instead an affidavit and documentation in support of his complaint. Furthermore, the allegations in Plaintiff's "Motion for Leave to Adopt the Initial 1983 and Court of Claims Civil Rights Complaint" do not state a claim for relief.

ACCORDINGLY, the Court **ORDERS** that Plaintiff's motion (Dkt. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*