# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANDREW GILLINS,

    Plaintiff,

v.                                          Case No. 8:09-CV-779-T-30TGW

STEPHEN WATSON, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court are Plaintiff's "Notice of Appeal Motion for Certificate of Appealability and Motion for In Forma Pauperis for Appeal" (Dkt. 17), "Motion to Supplement/Amend Motion for Certificate of Appealability and Motion for In Forma Pauperis for Appeal Notice of Appeal for Order Rendered September 25, 2009" (Dkt. 18), and Affidavit of Indigency in support of his motion to proceed on appeal *in forma pauperis* (Dkt. 19).

To the extent Plaintiff seeks a certificate of appealability, the motion will be denied because this is not an action in which a certificate of appealability is required. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("The AEDPA's certificate of appealability requirement applies only to appeals from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court,' 28 U.S.C.A. § 2253(c)(1)(A), and 'the final order in a proceeding under section

2255,' id. § 2253(c)(1)(B), not to section 1983 actions.").

To the extent Plaintiff requests leave to proceed on appeal *in forma pauperis*, statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U.S.C. § 1915, authorizing any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. *See Coppedge v. United States*, 369 U.S. 438, 441 (1962). The following statutory language guides district courts in passing upon an application for *in forma pauperis* status: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

This appeal is not taken in good faith under 28 U.S.C. 1915(a)(3) and Rule 24(a) of the Federal Rules of Appellate Procedure because Petitioner has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Accordingly, Petitioner is not entitled to appeal as a pauper, and he will be required to pay the $455.00 appellate filing and docketing fees.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's "Notice of Appeal Motion for Certificate of Appealability and Motion for In Forma Pauperis for Appeal" (Dkt. 17) is **DENIED**.

2. Plaintiff's "Motion to Supplement/Amend Motion for Certificate of Appealability and Motion for In Forma Pauperis for Appeal Notice of Appeal for Order Rendered September 25, 2009" (Dkt. 18) is **DENIED**.

3. Plaintiff's motion to proceed on appeal *in forma pauperis* (Dkt. 19) is

    **DENIED**.

    **DONE** and **ORDERED** in Tampa, Florida on November 5, 2009.

            JAMES S. MOODY, JR.
            UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*